GEORGE C. & GEORGE W. CAHOON *v.* HOBART; HOWARD AND CHAMBERLIN.

*Notice. Partnership. Attorneys.*

The fact that the plaintiffs, who were lawyers, in drawing a writ in favor of three persons named, who had been partners, described one of them as late partner of such a firm, would be sufficient proof that the plaintiffs knew at the time that he had ceased to be a member of the firm.

But such notice of withdrawal would not be notice that the retiring member had transferred his interest in the assets and prior business of the copartnership, or that he had ceased to be interested therein—therefore the plaintiffs were justified in prosecuting said suit and rendering their services therein, on the credit of all the members of the old firm, in virtue of a retainer by the firm prior to their dissolution, and at the instance of the remaining members of the firm, the cause of action having accrued prior to the dissolution.

BOOK ACCOUNT, to recover for services as attorneys. The case was heard upon the auditor's report, which is sufficiently set forth in the opinion, and the court at the December Term, 1864, POLAND, Ch. J., presiding, rendered judgment for the defendant,—to which the plaintiffs excepted.

Plaintiffs, *pro se.*

*Ross & Burbank*, for the defendant Chamberlin, maintained that the plaintiffs had knowledge of the dissolution of the partnership. *Prentiss* v. *Sinclair*, 5 Vt. 149 ; *McIver et al.* v. *Humble et al.*, 16 East. 169. As the authority of one partner to bind another, is derived wholly from the agency conferred by the existence of the partnership when the plaintiffs received knowledge that the partnership was dissolved, *being legal,* they were *bound* to know that Hobart and Howard

had no right to enter into any new contract, or business matter to bind Chamberlin. *Scott et al.* v. *Shipherd et al.*, 3 Vt. 104; *Woodford et ux.* v. *Darwin*, 3 Vt. 82; *Woodworth* v. *Downer et al.*, 13 Vt. 522; *Benton* v. *Chamberlin, Shorey & Co.*, 23 Vt. 711; *Pratt* v. *Page et al.*, 32 Vt. 13; *Torrey* v. *Baxter*, 13 Vt. 452; 3 Kent's Com. 73.

The employment of the plaintiffs as attorneys in the matter of the defendants' partnership business generally in January, 1857, was an employment only as long as they continued partners. That is the legal limit to which one partner can bind another. *Nichols* v. *Scott*, 12 Vt. 47; *Roberts* v. *Havelock*, 23 E. C. L. 105.

The opinion of the court was delivered by

PECK, J. There is no question but that the plaintiffs in rendering the services for which they claim to recover gave the credit in fact to the three partners, Hobart, Howard and Chamberlin. As to the first three items in the plaintiffs' account, no question is made but that the plaintiffs had a right to charge to all the three being then partners, and the services being rendered in relation to the business of that copartnership.

As to the subsequent charges for professional services by the plaintiffs as attorneys, the question is whether upon the facts found by the auditor, the plaintiffs had a right to charge Chamberlin jointly with the other two members of the firm. It appears that these services of the plaintiffs all accrued in cases in which the cause of action accrued to the three while partners. It further appears that on the 5th of January, 1857, the firm then doing business as partners, retained the plaintiffs as attorneys generally in all their business, the two suits in which the plaintiffs' charges mainly accrued being particularly specified. One of these suits, it. is conceded, had already been commenced against one Hoffman, and the other the plaintiffs commenced in favor of Hobart, Howard and Chamberlin against Lawrence and Chandler the 11th of May, following. The ground upon which the defendants' counsel resists a recovery against Chamberlin, is that in March, 1857, Chamberlin sold out all his interest in the copartnership property, assets and business, to the other two partners, and retired from the firm. It is in-

sisted that the plaintiffs had such notice of this change that they had no right to charge Chamberlin for services afterwards rendered. If they had such notice, or notice of such facts as would be equivalent to notice of the facts, this objection must prevail. It appears from the report that Chamberlin sold out his interest in the firm, March 3d, 1857, and the plaintiffs commenced the suit, Hobart, Howard & Chamberlin against Lawrence and Chandler, May 11th, 1857, in the prosecution of which, and in the subsequent prosecution of the suit against Hoffman already mentioned, the most of the plaintiffs' account accrued.

On the subject of notice of the dissolution of the copartnership, the report states that there was no evidence that the plaintiffs had any notice of the withdrawal of Chamberlin from the firm, or of any of the details relating thereto, except it appears that the plaintiffs on the 11th day of May, 1857, made the writ against Lawrence and Chandler, and described Chamberlin in the writ, as late partner of the firm of Hobart, Howard and Chamberlin. This statement in that writ is sufficient proof that the plaintiffs in this suit knew at that time that Chamberlin had ceased to be a member of the firm. But a member of a copartnership by simply retiring from the firm, does not thereby necessarily cease to be interested in the assets of the firm. His interest in the property and demands, acquired or accrued while he was a member, still remains as before. Therefore notice to these plaintiffs of the withdrawal of Chamberlin from the firm, was not notice to them that he had transferred his interest in the assets and prior business of the copartnership, or that he had ceased to be interested therein; and the plaintiffs were not bound so to regard it. The presumption would be the other way. As the report negatives any notice to the plaintiffs of the terms on which Chamberlin retired from the firm, they were justified in prosecuting these suits and rendering the services, on the credit of all the members of the old firm, in virtue of their original retainer, and at the instance of the remaining members of the firm. Had the causes of action in these suits prosecuted by the plaintiffs, accrued after they had notice that Chamberlin had withdrawn, the result would be

different. This view of the case renders the question as to the application of payments unimportant.

The judgment is reversed, and as it appears that the plaintiffs' writ was not served on Hobart, he being out of the state, and that Howard is dead, the plaintiffs are entitled to judgment against Chamberlin alone for the balance found due by the auditor.

Judgment reversed and judgment for the plaintiff for the amount found due by the auditor.